Filed 3/18/24  P. v. Zendejas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H050396, H050397 |
| Plaintiff and Respondent, | (San Benito County Super. Ct. Nos. CR1901331, CR2100492) |
| v. | |
| FRANCISCO SANCHEZ ZENDEJAS, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

A complaint in September 2019 charged defendant in case No. CR1901331 with felony criminal threats (Pen. Code, § 422, subd. (a); count 1),[1] felony attempting to dissuade a witness (§ 136.1, subd. (a)(2); count 2), felony dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1); count 3), six misdemeanor counts of violating criminal protective orders (§ 166, subd. (c)(1); counts 4, 5, 8, 9, 13, and 14), three misdemeanor counts of disobeying a court order (§ 166, subd. (a)(4); counts 6, 10, and 15), three misdemeanor counts of disturbing the peace by loud noise (§ 415, subd. (2); counts 7, 11, and 16), and misdemeanor resisting, obstructing or delaying a peace officer or emergency medical technician (§ 148, subd. (a)(1); count 12).[2]  While disposition of

---

[1] All further statutory references are to the Penal Code.

[2] The complaint was later deemed to constitute the information.

the charges in case No. CR1901331 was pending, an information was filed in March 2022 against defendant in case No. CR2100492, charging defendant with felony criminal threats (§ 422, subd. (a); count 1), two felony counts of violating domestic violence protective orders (§ 166, subd. (c)(1), (4); counts 2 and 3), and felony stalking (§ 646.9, subd. (b); count 4).

Pursuant to plea agreements defendant signed in April 2022, defendant pleaded no contest in May 2022 to three felony counts: one count of criminal threats as alleged in count 1 of case No. CR1901331, and two counts of violating domestic violence protective orders as alleged in counts 2 and 3 of case No. CR2100492. Defendant agreed to be sentenced to three years (the upper term) for count 1 in case No. CR1901331 and to consecutive terms of eight months (one-third of the middle term) for each of counts 2 and 3 in case No. CR2100492. The trial court accepted defendant's pleas and dismissed the remaining counts. Consistent with the plea agreement and the probation officer's recommendation, the trial court in August 2022 sentenced defendant to an aggregate term of four years four months, consisting of the upper term of three years for count 1 in case No. CR1901331 and consecutive terms of eight months for each of counts 2 and 3 in case No. CR2100492.

Section 1170, subdivision (b)(2) was amended effective January 1, 2022 to read in relevant part: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." In this appeal,[3] defendant

---

[3] Defendant was sentenced pursuant to a single plea but filed separate notices of appeal for the two trial court case numbers. This court granted defendant's motion to have his appeals considered together for purposes of briefing, oral argument, and disposition.

contends that the trial court failed to comply with amended section 1170, subdivision (b) by sentencing him to the upper term of three years for the criminal threats count without the facts used to justify imposition of the upper term having been admitted by defendant or found true at trial.  Because the relevant amendments to section 1170, subdivision (b) went into effect on January 1, 2022, more than seven months before defendant's sentencing hearing, we find that defendant forfeited this argument by failing to object at sentencing.  Therefore, we will affirm the judgment.

## II.  BACKGROUND

A detailed account of the facts relating to the charged offenses is not necessary to resolve the issue raised in this appeal.  Briefly, the probation officer's report stated concerning case No. CR1901331 that a man was awoken by the sound of rocks hitting his house and when he went outside to investigate, defendant yelled that he would shoot the man and threw gravel toward him.  The probation officer's report stated concerning case No. CR2100492 that a man and his wife were sitting in their backyard when defendant appeared and threatened to kill the man, violating restraining orders protecting the man and his wife from defendant.

Consistent with the terms of the April 2022 plea agreements in the two cases, the probation officer's report recommended that defendant be sentenced to the upper term of three years for the criminal threats count in case No. CR1901331, and that defendant be sentenced to consecutive terms of eight months (one-third of the middle term) for each of the two counts of violating domestic violence protective orders in case No. CR2100492, for a total sentence of four years four months.  On August 11, 2022, the trial court sentenced defendant in accordance with this recommendation.  Prior to imposition of sentence, the trial court asked defendant and defendant's trial counsel if they had any questions, and both replied that they did not.  Likewise, neither defendant nor his trial counsel objected following the trial court's imposition of sentence.

3

### III. DISCUSSION

Defendant asserts that the trial court erred by sentencing him to the upper term of three years for the criminal threats count without the aggravating factors supporting imposition of the upper term being admitted by defendant or found true at trial. If this court determines defendant forfeited this issue by failing to object at sentencing, defendant contends that he received ineffective assistance of counsel.

Defendant signed his written plea agreements on April 6, 2022, he entered his no contest pleas on May 12, 2022, and he was sentenced on August 11, 2022. Effective January 1, 2022 – prior to defendant signing his plea agreements, entering his no contest pleas, and being sentenced – Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) amended section 1170, subdivision (b) "to make the middle term the presumptive sentence for a term of imprisonment; a court now must impose the middle term for any offense that provides for a sentencing triad unless 'there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' [Citation.]" (*People v. Lopez* (2022) 78 Cal.App.5th 459, 464.)

Senate Bill 567 applies retroactively to judgments not final when the legislation took effect on January 1, 2022. (*People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1061, review granted Feb. 21, 2024, S283452 (*De La Rosa Burgara*).) This court has also held that the California Supreme Court's decision in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) requires retroactive application of Senate Bill 567 to a negotiated plea agreement with a stipulated sentence. (*De La Rosa Burgara*, *supra*, at pp. 1054, 1063; see also *People v. Todd* (2023) 88 Cal.App.5th 373, 381–382, review granted Apr. 26, 2023, S279154 (*Todd*).) Other Courts of Appeal have reached a different conclusion, holding that Senate Bill 567 does not require remand in a case involving a

4

negotiated plea agreement with a stipulated sentence. (*People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057–1059, review granted Dec. 14, 2022, S277314 (*Mitchell*); *People v. Sallee* (2023) 88 Cal.App.5th 330, 334, review granted Apr. 26, 2023, S278690 (*Sallee*).) The issue is pending before the California Supreme Court in *Mitchell*.[4]

The Attorney General asserts that this court should follow *Mitchell* and *Sallee* to hold that Senate Bill 567 does not apply to a negotiated plea agreement with a stipulated sentence. The Attorney General also argues that defendant's agreement to a stipulated sentence estops him from asserting error under amended section 1170, subdivision (b). As an alternative argument, the Attorney General contends that even if the trial court failed to properly apply amended section 1170, subdivision (b), remand is not required because any error was harmless.

In reply, defendant asserts that the Attorney General's arguments are inapplicable because his sentence was not stipulated. He acknowledges that the written plea agreements stated he would be sentenced to three years for the criminal threats count and would receive consecutive eight-month sentences for each of the two counts of violating domestic violence protective orders, for an aggregate sentence of four years four months in prison. However, he argues that his trial counsel did not stipulate to the length of the sentence when the parties put the terms of the plea agreement on the record in court, and that his counsel also said the two counts of violating domestic violence protective orders would " 'run concurrent' " to the criminal threats count. Thus, defendant argues that the terms of his plea agreement were ambiguous, and therefore the sentence was not stipulated.

---

[4] The California Supreme Court granted review of the following issue in *Mitchell*: " 'Does Senate Bill No. 567 (Stats. 2021, ch. 731), which limits a trial court's discretion to impose upper term sentences, apply retroactively to defendants sentenced pursuant to stipulated plea agreements [i.e., plea agreements with a stipulated sentence]?' " (*People v. Kelly* (2022) 87 Cal.App.5th 1, 4, fn. 2.)

However, as the Attorney General points out in a surreply brief,[5] no such ambiguity exists. Defendant signed a plea agreement in case No. CR1901331 in which he agreed to be sentenced to three years in prison for the criminal threats count. His plea agreement noted that this sentence would run consecutive to the sentence in case No. CR2100492. Likewise, defendant signed a plea agreement in case No. CR2100492 in which he agreed to serve eight months for each of the two counts of violating domestic violence protective orders for a total of 16 months, consecutive to the sentence in case No. CR1901331. The trial court sentenced defendant in accordance with these agreements. The references by defendant's trial counsel to concurrent sentences came when the parties discussed the plea agreement with the trial court. Trial counsel misstated that the two counts of violating domestic violence protective orders were to each carry a sentence of 16 months, with the two counts running concurrently to each other and consecutive to the criminal threats count. Despite trial counsel's misstatement of the agreed-upon sentence, there was no ambiguity that defendant agreed to be sentenced to the upper term of three years for the criminal threats count, that defendant agreed to be sentenced to a total of 16 months for the two violating domestic violence protective orders counts, that the sentence for the two violating domestic violence protective orders counts was to run consecutive to the three-year sentence for the criminal threats count, or that the aggregate sentence defendant agreed to was four years four months. Thus, the Attorney General correctly argues that this situation involves a negotiated plea agreement with a stipulated sentence.

Cases such as *De La Rosa Burgara* and *Todd*, holding that Senate Bill 567 applies retroactively to a negotiated plea agreement with a stipulated sentence, did not involve a situation where Senate Bill 567 was in effect at the time of sentencing. Both *De La Rosa Burgara* and *Todd* cited *Stamps* as support for their holdings. (*De La Rosa Burgara*,

[5] The Attorney General's motion for leave to file a surreply brief is granted.

6

*supra*, 97 Cal.App.5th at p. 1054, review granted; *Todd*, *supra*, 88 Cal.App.5th at p. 380, review granted.)  In *Stamps*, the defendant entered into a plea agreement in exchange for a specified term and then requested on appeal that his case be remanded so the trial court could consider whether to strike his serious felony enhancement under amendments to section 1385, subdivision (a) that took effect while his appeal was pending.  (*Stamps*, *supra*, 9 Cal.5th at p. 692.)  Our Supreme Court held that the defendant could seek relief under the amended law despite his plea agreement, because his appeal did not attack the plea itself but instead "seeks relief because the law subsequently changed to his potential benefit."  (*Id.* at p. 698.)  This court in *Todd* found *Stamps* "instructive" and held that a defendant who negotiated for a stipulated sentence to an upper term before the enactment of Senate Bill 567 should be free to choose whether to waive or invoke the requirements of amended section 1170, subdivision (b).  (*Todd*, *supra*, at p. 380; see *id.* at p. 381.)

Defendant's sentencing hearing took place on August 11, 2022, more than seven months after the effective date of Senate Bill 567.  Defendant also signed his plea agreements and entered his no contest pleas months after the effective date of Senate Bill 567.  Despite this, defendant raised no objection concerning the sentence.  As this court stated in *Todd*, a defendant who received a stipulated sentence to an upper term before the enactment of Senate Bill 567 should be free to choose whether to waive or invoke the requirements of this measure.  It logically follows that a defendant who chooses not to invoke those provisions in the trial court when given the opportunity to do so by existing legislation forfeits the right to raise the issue on appeal.  " 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial.  [Citation.]  The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid

reasons . . . ." ' [Citations.]" (*People v. Scott* (2015) 61 Cal.4th 363, 406.) "Strong policy reasons support [the forfeiture] rule: 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. [Citations.]' [Citation.] ' " ' "The law casts upon the party the duty of looking after his [or her] legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his [or her] objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal." ' " [Citation.]' [Citation.]" (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)

After the effective date of Senate Bill 567, defendant agreed to be sentenced to the upper term for the criminal threats count, implicitly stipulating that circumstances in aggravation justified the imposition of the upper term, as required by amended section 1170, subdivision (b). If defendant believed further establishment of the facts justifying imposition of the upper term was required, he had the opportunity to object to the trial court's imposition of the sentence he agreed to. He did not do so, forfeiting his claim. As other Courts of Appeal have recognized, forfeiture applies where the defendant fails to object to an upper term sentence after the effective date of Senate Bill 567. (*People v. Hall* (2023) 97 Cal.App.5th 1084, 1101–1102, review granted Feb. 28, 2024, S283530; *People v. Achane* (2023) 92 Cal.App.5th 1037, 1047 (*Achane*); *People v. Anderson* (2023) 88 Cal.App.5th 233, 241, review granted Apr. 19, 2023, S278786.)

Defendant did not just fail to object to the trial court's pronouncement of sentence; rather, he bargained for the sentence the court imposed. "[T]he specification of a maximum sentence or lid in a plea agreement normally implies a mutual understanding of the defendant and the prosecutor that the specified maximum term is one that the trial court may lawfully impose . . . ." (*People v. Shelton* (2006) 37 Cal.4th 759, 768.) Thus: "Where the defendants have pleaded guilty in return for a *specified* sentence, appellate

courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [Citations.]" (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

Defendant does not assert that the trial court lacked fundamental jurisdiction in his case. Instead, he asserts that forfeiture does not apply because his sentence was unauthorized. We do not agree. "[A]n unauthorized sentence or one in excess of jurisdiction is a sentence that 'could not lawfully be imposed under any circumstance in the particular case.' [Citation.] The appellate court may intervene in the first instance because these errors 'present[] "pure questions of law" [citation], and [are] " 'clear and correctable' independent of any factual issues presented by the record at sentencing" ' and without 'remanding for further findings.' [Citation.] The rule exists because correction of sentencing error that is evident from the record and needing no redetermination of facts does not significantly impact the state's interest in finality of judgments. [Citation.] 'In such circumstances, an individual's interest in obtaining judicial review of an allegedly illegal sentence cannot be ignored.' [Citation.]" (*In re G.C.* (2020) 8 Cal.5th 1119, 1130.) Defendant here does not raise a pure question of law in a situation where the sentence could not have been imposed under any circumstance. Instead, he asserts that the trial court failed to comply with existing statutory requirements concerning factual determinations involved in imposing the upper term. His request for judicial review of the sentence would significantly impact the state's interest in the finality of judgments where defendant not only failed to object to the sentence at trial but in fact bargained for this sentence. The imposition of the upper term for the criminal threats count in this situation does not constitute an unauthorized sentence. (See *Achane*, *supra*, 92 Cal.App.5th at p. 1044 [no unauthorized sentence

9

where trial court imposed the upper term despite allegedly not complying with amendments to section 1170, subdivision (b) that were already in effect].) Thus, defendant has forfeited his claim that the trial court erred in imposing the upper term sentence for the criminal threats count.

Defendant asserts that if this issue is forfeited, he received ineffective assistance of counsel based on his counsel's failure to object. " 'In assessing claims of ineffective assistance of trial counsel, we consider whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and whether the defendant suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome.' [Citations.]" (*People v. Gamache* (2010) 48 Cal.4th 347, 391.) "On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding. [Citations.]" (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Here, the criteria for demonstrating ineffective assistance of counsel on direct appeal are not met. The record does not affirmatively disclose trial counsel had no rational tactical purpose for the challenged omission. Trial counsel was not asked for a reason for the failure to object to the sentence. Finally, there could be a satisfactory explanation for the failure to object; namely, that defendant agreed to a disposition he believed was advantageous (including that 17 counts between the two cases would be dismissed) and he wanted the trial court to approve the agreement.

The Attorney General notes that the abstract of judgment erroneously designates the two counts of violating domestic violence protective orders as belonging to case No. CR1901331, not case No. CR2100492. We will order correction of the abstract.

10

## IV. DISPOSITION

The abstract of judgment (Judicial Council form CR-290) dated August 11, 2022, is ordered corrected as follows: item 1 shall be corrected to list defendant's convictions for violating domestic violence protective orders (counts 2 and 3) as assigned to case No. CR2100492. The clerk of the superior court is directed to prepare and transmit to the Department of Corrections and Rehabilitation an amended abstract of judgment. The judgment is affirmed.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

DANNER, J.

_____

BROMBERG, J.

*People v. Zendejas*
**H050396**
**H050397**